**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CROSSROADS AMERICAN BAPTIST CHURCH,**          Civil Action No.:

      Plaintiff,

v.

**GUIDE ONE INSURANCE**,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

**COMES NOW** Plaintiff, CROSSROADS AMERICAN BAPTIST CHURCH, by and through its undersigned counsel, and hereby submit this, its Complaint against Defendant, GUIDE ONE INSURANCE, and in support of its Complaint, alleges and avers as follows:

### PARTIES

1.     Plaintiff, Crossroads American Baptist Church ("Plaintiff" or "Crossroads Church") is a Colorado nonprofit corporation with its principal office in Northglenn, Colorado.

2.     Upon information and belief, Defendant, Guide One Insurance ("Guide One"), is an insurance company incorporated and domiciled in the state of Iowa and maintains its principal place of business in a state other than in Colorado.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property which is the subject of the claim and the adjustment of the claim occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

4.      Crossroads Church is the owner of real property located at 10451 Huron Street, Northglenn, Colorado 80234 ("Property").

5.      The Property is covered by a roofing system that consists of both a granulized modified bitumen and composite shingle.

6.      Crossroads Church purchased a Commercial Property Coverage Policy of insurance from Guide One under Policy Number 0011295744 (the "Policy"). A copy of the Policy has been attached hereto as **Exhibit "A."**

7.      The Policy is an all risk policy of insurance.

8.      The Policy is a replacement cost value policy and covers loss to Plaintiff's Property.

9.      The Policy provides coverage for direct physical loss and/or damage to covered property at the premises caused by or resulting from any covered cause of loss.

10.      The Policy does not require that the Property sustain functional damage for coverage to be afforded to direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

11.      The Policy does not include a cosmetic exclusion or cosmetic endorsement.

12.      Under the Policy, Guide One Insurance is obligated to pay for direct physical loss and damage to the insured Property resulting from hail and wind.

13.      Under the Policy, Guide One Insurance agreed to adjust all losses with its insured fairly and timely.

14.      Crossroads Church paid the premiums due under the Policy in a timely manner.

15.     On or about May 24, 2016, during the Policy period, the Property suffered direct physical loss and/or damage resulting from hail and/or wind.

16.     The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

17.     The direct physical loss and/or damage resulting from the hail and/or wind resulted in functional damage to the Property.

18.     The direct physical loss and/or damage resulting from the hail and/or wind prevented the roofing system covering the Property from continuing to function as a barrier to entrance of the elements to the same extent as it did before the hail damage occurred.

19.     The direct physical loss and/or damage resulting from the hail and/or wind was timely reported to Guide One.

20.     Guide One assigned Claim Number AA0803055-S1 to the Property loss.

21.     Guide One retained an independent adjusting firm, Syndicate Claim Services, Inc. ("Syndicate"), to investigate and adjust the direct physical loss and/or damage to the Property resulting from hail and/or wind that occurred on or about May 24, 2016.

22.     On or about June 30, 2017, Guide One's representative, Syndicate, provided Crossroads Church with its damage estimate which outlined $36,972.45 in replacement cost value damages. A copy of Syndicate's Damage Estimate is attached hereto as **Exhibit "B."**

23.     Despite substantial direct physical damage and/or loss to the Property, Guide One's damage estimate provided only thirty-three-line items.

24.     On or about January 2, 2018, Crossroads Church provided Guide One with a comprehensive damage estimate outlining $491,987.26 in replacement cost value covered

damages to the Property. A copy of Crossroads' Damage Estimate has been attached hereto as **Exhibit "C."**

25.     Crossroads Church's damage estimate provided a line by line breakdown of covered damages resulting from the hail and wind storm occurring on or about May 24, 2016.

26.     On or about January 30, 2018, Guide One provided Plaintiff with its second damage estimate which outlined $261,869.04 replacement cost value damages. A copy of RMC Group, LLC's Damage Estimate is attached hereto as **Exhibit "D."**

27.     Guide One's Second Damage estimate included an additional $224,896.59 in covered damages that were not provided in Guide One's first damage estimate.

28.     Guide One's failure to include the additional $224,896.59 in covered damages identified in its Second Damage Estimate within its First Damage Estimate resulted in the delay of the payment of $224,896.59 in covered benefits without a reasonable basis.

29.     Guide One has conducted an outcome oriented investigation of Crossroads Church's claim for direct physical loss and/or damage resulting from a hail and/or wind storm that occurred on May 24, 2016.

30.     Guide One's failure to pay the claim in full has resulted in a breach of contract.

31.     Guide One's failure to pay the claim in full has resulted, and continues to result, in additional damages to the Property.

32.     Guide One's failure to pay the claim in full has resulted in financial hardship to Crossroads Church.

33.     Guide One's failure to pay the claim in full has resulted in an unreasonable delay and denial in covered benefits without a reasonable basis.

34.     It is apparent from Guide One's conduct that Guide One has adopted a plan or approach to delay, as much as possible, its handling and payment of the claim.

35.     Crossroads Church has fulfilled all duties required of it under the Policy after discovery of the loss.

36.     Crossroads Church has performed all conditions precedent and subsequent required under the Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Guide One.

37.     On May 23, 2018, Crossroads Church demanded appraisal for the loss as provided under the terms and conditions of the Policy.

38.     The appraisal demanded by Crossroads Church on May 23, 2018, is currently pending.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

39.     Crossroads Church realleges and reaffirms Paragraphs 1-38 as if fully set forth herein

40.     Crossroads Church purchased an all-risk policy requiring Guide One to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

41.     The Policy between Crossroads Church and Guide One is a binding contract.

42.     Crossroads Church paid premiums and otherwise performed all conditions precedent to recovery of benefits under its Policy with Guide One.

43.     Guide One has denied certain covered damages and continues to delay and deny certain claimed damages.

44.     Guide One's failure to honor its obligations under the Policy is a breach of contract.

45.     Guide One's breach of contract has damaged, and continues to damage Crossroads Church.

46.     Crossroads Church is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, Crossroads Church, respectfully requests this Court enter judgment against, Defendant, Guide One Insurance Company, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

47.     Crossroads Church realleges and reaffirms Paragraphs 1-46 as if fully set forth herein.

48.     Under the Policy and Colorado law, Guide One has a duty to act reasonably and in good faith in the handling of Crossroads Church's claim.

49.     Under the Policy and Colorado law, Guide One has a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Crossroads Church and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

50.     Under the Policy and Colorado law, Guide One owes Crossroads Church the duty of good faith and fair dealing.

51.     At all times material hereto, Guide One had the non-delegable duty to investigate the claim objectively and to not look for ways to deny benefits or attempt to not pay the full amount owed.

52.     At all times material hereto, Guide One owed Crossroads Church the duty to give equal consideration to the financial interests of its insured and not to give greater consideration to its own financial interests while investigating and adjusting its insured's claim.

53.     At all times material hereto, Guide One had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claim presented to it, and then properly evaluate and timely pay those claims.

54.     Guide One sold Crossroads Church the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

55.     Guide One knew that the Policy was purchased to protect the Property in the event of a loss.

56.     Crossroads Church has cooperated with Guide One in the processing of the claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 24, 2016.

57.     Crossroads Church has cooperated with Guide One in the investigation of the claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 24, 2016.

58.     Crossroads Church has not erected any obstacles to Guide One's ability to evaluate Crossroads Church's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 24, 2016.

59.     Guide One disregarded the validity of Crossroads Church's claim for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 24, 2016.

60.     Guide One failed to treat Crossroads Church's interests with equal regard to its own.

61.     Guide One mischaracterized the evidence to the benefit of itself.

62.     Guide One failed to be open and honest in its dealings with Crossroads Church.

63.     Guide One failed to conduct a full, fair, and prompt investigation of the claim.

64.     Guide One underpaid Crossroads Church's claim without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

65.     Guide One underpaid Crossroads Church's claim by failing to objectively evaluate Crossroads Church's claim based on all available evidence, and not just evidence which Guide One believes supports its position.

66.     Guide One decision to underpay the benefits owed to Crossroads Church was intentional and not accidental.

67.     Guide One knew that its denial to pay the benefits owed under the Policy would cause Crossroads Church financial hardship.

68.     Guide One failed to assist Crossroads Church with the presentation of its claim.

69.     Guide One breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

70.     Guide One breached its duty of good faith and fair dealing by conducting an outcome oriented investigation of Crossroads Church's loss.

71.     Guide One breached its duty of good faith and fair dealing by underpaying Crossroads Church's claim without having documented a reasonable investigation based upon all information.

72.     Guide One breached its duty of good faith and fair dealing by failing to pay for all direct physical loss and/or damage resulting from a hail and/or wind storm occurring on May 24, 2016.

73.   Guide One failed to conduct a thorough and timely investigation of Crossroads Church's claim in accordance with insurance industry claims handling standards and practices.

74.   Among other circumstances, Guide One has committed unfair settlement practices including, without limitation:

(a)   Guide One has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

(b)   Guide One has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(c)   Guide One refuses to pay claims without conducting a reasonable investigation based upon all available information;

(d)   Guide One has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(e)   Guide One has compelled Crossroads Church to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;

(f)   Guide One has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(g)   Guide One has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

(h)   Guide One encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

75.   Guide One's claims representatives received incentive-based compensation to close quickly or reduce claim payments.

76.   Guide One's representatives received income-based compensation to reduce claims payments made to Crossroads Church on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

77.   Guide One improperly denied Crossroads Church's claim by providing financial incentives to its personnel to determine claims handling.

78.     Guide One improperly set various claims handling goals to reduce the amount paid on its claims.

79.     Guide One improperly denied Crossroads Church's claim to reduce its overall claims payments.

80.     Guide One improperly denied Crossroads Church's claim to increase its profits.

81.     Guide One improperly denied Crossroads Church's claim to maintain its loss ratio.

82.     Guide One improperly denied Crossroads Church's claim to meet its department goals.

83.     Guide One's conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Crossroads Church.

84.     Guide One improperly denied Crossroads Church's claim by motivating its claims department to pay less on claims than are otherwise owed.

85.     Guide One improperly denied Crossroads Church's claim to reduce the average amount paid on its overall claims.

86.     Guide One has committed unfair claim settlement practices as alleged in the preceding paragraphs of Crossroads Church's Complaint.

87.     Guide One's conduct constitutes a bad faith breach of the insurance contract.

88.     Guide One has committed such actions with such frequency as to indicate a general business practice.

89.     As a direct and proximate result of Guide One's actions, Crossroads Church has:

    (a)    incurred increased costs to repair, restore and/or replace the significant property damage;

    (b)    suffered damages as a proximate result of the misconduct alleged; and

    (c)    suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Crossroads Church, respectfully requests this Court enter judgment against Defendant, Guide One Insurance Company, for damages resulting from bad faith breach of insurance contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits
Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

90. Crossroads Church re-alleges and reaffirms Paragraphs 1-89 as though fully set forth herein.

91. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

92. Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

93. Crossroads Church is a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

94. Crossroads Church suffered a loss covered by the Policy and submitted a claim for that loss to Guide One.

95. The claimed loss and damage submitted under Claim Number AA0803055-S1 was covered by the Policy and Crossroads Church was owed covered benefits under the Policy.

96. Guide One delayed payment of covered benefits without a reasonable basis for its actions.

97.     Guide One denied payment of covered benefits without a reasonable basis for its actions.

98.     Among other circumstances, Guide One has unreasonably delayed and denied covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Crossroads Church's Complaint.

99.     Guide One delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

100.    Guide One delayed and denied payment of covered benefits without a reasonable basis for its action by failing to timely investigate its insured's loss.

101.    Guide One delayed and denied payment of covered benefits without a reasonable basis for its action by issuing a first damage estimate without having documented a reasonable investigation based upon all information.

102.    Guide One delayed and denied payment of covered benefits without a reasonable basis for its action by unnecessarily prolonging its investigation of Crossroads Church's claim.

103.    Guide One delayed and denied payment of covered benefits without a reasonable basis for its action by providing Crossroads Church with an inadequate settlement offer.

104.    Guide One delayed and denied payment of covered benefits without a reasonable basis for its action by omitting obvious covered damages in an effort to effectuate a deceptively low settlement.

105.    Guide One unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by failing to provide for a full replacement of both the granulized modified bitumen and composite shingle roofing system covering Crossroads Church's Property.

106.    Guide One delayed and denied payment of covered benefits without a reasonable basis for its action by providing mismatching materials for the repair of both the granulized modified bitumen and composite roofing system covering Crossroads Church's Property.

107.    Despite clear evidence of covered damages to the Property, Guide One continued to delay and deny indemnification of its own insured without a reasonable basis for doing so.

108.    Guide One's actions in the adjustment of Crossroads Church's claim demonstrate an unmistakable complete delay of its Insured's benefits without a reasonable basis for its actions.

109.    Guide One unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by forcing Crossroads Church to retain its own professionals to help properly adjust the loss to the Property.

110.    Despite receipt of Crossroads Church's comprehensive estimate, Guide One denied and delayed payment of covered benefits without a reasonable basis for doing so.

111.    Guide One unreasonably delayed and denied Crossroads Church's claim to reduce its overall claims payments.

112.    Guide One unreasonably delayed and denied Crossroads Church's claim to increase its profits.

113.    Guide One unreasonably delayed and denied Crossroads Church's claim to maintain its loss ratio.

114.    Guide One unreasonably delayed and denied Crossroads Church's claim to meet its department goals.

115.    Guide One unreasonably delayed and denied Crossroads Church's claim by providing financial incentives to its personnel to determine claims handling.

116.    Guide One unreasonably delayed and denied Crossroads Church's claim by motivating its claims department to pay less on claims, such as Crossroads Church's claim for damages, than what is otherwise owed.

117.    Guide One unreasonably delayed and denied Crossroads Church's claim to reduce the average amount paid on its overall claims.

118.    Guide One unreasonably delayed and denied Crossroads Church's claim by asserting coverage positions that it knew were without merit.

119.    Guide One's actions were intended to dissuade Crossroads Church in pursuing benefits due and owing under the terms of the Policy in bad faith.

120.    Based upon the foregoing Paragraphs, Crossroads Church is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Crossroads Church, respectfully requests this Court enter judgment against Defendant, Guide One, for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## <u>REQUEST FOR JURY TRIAL</u>

121.    Crossroads Church requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 23rd day of May, 2018

<u>/s/ Timothy G. Burchard</u>
Larry E. Bache, Jr., Esq.
Colorado Bar No.: 51958
Jonathan E. Bukowski, Esq.
Colorado Bar No.: 45614
Timothy G. Burchard, II
Colorado Bar No.: 48635
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:  720-665-9680
Facsimile:   720-665-9681
E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com
E-Mail: tburchard@merlinlawgroup.com
